UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JESSICA L. PALMATIER,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>Defendant. | CASE NO. 13-cv-05659 JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, ECF No. 5; Consent to Proceed Before a United States Magistrate Judge, ECF No. 6). This matter has been fully briefed (*see* ECF Nos. 17, 18, 19).

After considering and reviewing the record, the Court finds that the ALJ provided a germane reason for failing to credit fully the opinion from plaintiff's treatment

provider, noting that her opinion was inconsistent with her treatment notes. The ALJ also provided a specific and legitimate reason for failing to credit fully the opinion from an examining doctor, properly finding that portions of her opinion are based solely on plaintiff's subjective and unreliable self-reports.

Because the Court also concludes that the ALJ's assessment of plaintiff's credibility is proper, this matter is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff, JESSICA L. PALMATIER, was born in 1986 and was 22 years old on the alleged date of disability onset of June 1, 2008 (*see* Tr. 177, 184). Plaintiff stopped going to school in the 10th grade, but has obtained her GED (Tr. 43). Plaintiff has work experience as a vet assistant, pet store manager, shuttle service driver and office temp worker (Tr. 198).

According to the ALJ, plaintiff has at least the severe impairments of "obesity, generalized anxiety disorder, borderline personality disorder, and left thumb cyst (20 CFR 404.1520(c) and 416.920(c))" (Tr. 13).

At the time of the hearing, plaintiff was living with her two children, ages 4 and 5, and her boyfriend/fiancé who is on disability (Tr. 34-35).

## PROCEDURAL HISTORY

Plaintiff's application for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and

following reconsideration (*see* Tr. 177-83, 184-89, 68-80, 92-117). Plaintiff's requested hearing was held before Administrative Law Judge Scott R. Morris ("the ALJ") on June 6, 2012 (*see* Tr. 28-67). On June 18, 2012, he issued a written decision in which he concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* Tr. 8-27).

On June 6, 2013, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (Tr. 1-5). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in August, 2013 (*see* ECF Nos.1, 3). Defendant filed the sealed administrative record regarding this matter ("Tr.") on November 27, 2013 (*see* ECF Nos. 10, 11).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the ALJ gave legally sufficient reasons for the weight afforded to plaintiff's treating counselor; (2) Whether not the ALJ gave legally sufficient reasons for the weight afforded to the medical opinion evidence; and (3) Whether or not the ALJ gave legally sufficient reasons for finding plaintiff not fully credible (*see* ECF No. 17, p.1).

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

# DISCUSSION

**(1) Whether or not the ALJ gave legally sufficient reasons for the weight afforded to plaintiff's treating counselor.**

Plaintiff complains about the ALJ's evaluation of the opinions of lay source, Sylvia Lagden ARNP (*see* Opening Brief, ECF No. 17, pp. 4-8). The ALJ rejected this opinion in part based on a finding that the opinion was inconsistent with treatment notes (*see* Tr. 21). If this is a finding based on substantial evidence in the record as a whole, it constitutes a germane reason for the rejection of the opinions of Ms. Lagden.

Pursuant to the relevant federal regulations, in addition to "acceptable medical sources," that is, sources "who can provide evidence to establish an impairment," 20 C.F.R. § 404.1513 (a), there are "other sources," such as friends and family members, who are defined as "other non-medical sources" and "other sources" such as nurse practitioners and therapists, who are considered other medical sources, *see* 20 C.F.R. § 404.1513 (d). *See also Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010) (*citing* 20 C.F.R. § 404.1513(a), (d)); Social Security Ruling "SSR" 06-3p, 2006 SSR LEXIS 5 at *4-*5, 2006 WL 2329939. An ALJ may disregard opinion evidence provided by both types of "other sources," characterized by the Ninth Circuit as lay testimony, "if the ALJ 'gives reasons germane to each witness for doing so." *Turner, supra*, 613 F.3d at 1224 (*quoting Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)); *see also Van Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996).

The ALJ noted the opinion from Nurse Lagdan that plaintiff would have difficulty interacting with the public (*see* Tr. 21), an opinion shared by Dr. Borisovskaya and the

ALJ, as the ALJ found that plaintiff could have "no interaction with the public" in her RFC (*see* Tr. 16).

The ALJ also noted Nurse Lagdan's opinion that plaintiff would not be able to focus when stressed and "would be limited to only 1-10 hours of participating in work a week" (*see* Tr. 21 (*citing* Exhibit 14F/2, *i.e.*, Tr. 782)). These opinions were given less weight than the opinions of acceptable medical sources, Dr. Christine Harrison, Psy.D, and Dr. John F. Robinson, Ph.D. (*see* Tr. 20, 21). The ALJ explained that he was giving less weight to the opinions of the Nurse Lagdan due to lack of a narrative and because her opinions are not fully consistent with her treatment notes and other treatment notes at Cascade Mental Health (*see* Tr. 21 (*citing* Exhibits 10F and 12F)).

Plaintiff complains that the ALJ did not delineate what was inconsistent in Nurse Lagdan's treatment notes with her opinion that plaintiff could work only one to ten hours in a work week, but elsewhere in the ALJ's decision, he notes evidence from the treatment notes from Nurse Lagdan, including the following:

> For example, the claimant saw Sylvia Lagdan, ARNP at Cascade Mental Health on April 22, 2011. Her appearance was within normal limits, she was cooperative, and she had a normal affect and speech. Her mood was euthymic and her insight and judgment were good. She subjectively reported feeling as though she needed just a little more adjustment (internal citation to Tr. 602).  . . . .
> Throughout 2012, the claimant's condition, again, did not change. The claimant saw Sylvia Ladgan, ARNP on January 24, 2012. Her mood was euthymic, and her affect was within normal limits. She was cooperative with normal speech, and her cognition and memory were grossly intact. She had good insight and judgment, and reported doing okay with her medications (internal citation to Tr. 643).

(*see* Tr. 18 (*citing* Tr. 602, 643, 703)).

Based on a review of the relevant record, the Court concludes that the ALJ's characterization of the treatment record by Nurse Lagdan is supported by substantial evidence in the record as a whole. For example, on April 22, 2011, plaintiff's mental status evaluation [MSE] indicates all normal findings, other than plaintiff's subjective reports, which included that she was "not as agitated, [but] continues to have a lot of personal chaos and stresses in her life, now on her own" (*see* Tr. 602). Similarly, on January 24, 2012, again, all the notations regarding plaintiff's MSE results are normal, and plaintiff indicated that she was "doing OK on my meds" (*see* Tr. 643).

Based on the relevant record, the Court concludes that the ALJ's finding that the opinions of Nurse Lagdan are inconsistent with her treatment notes is a finding based on substantial evidence in the record as a whole. The Court also notes the reference by the ALJ of plaintiff's report of "a cessation of panic attacks, a continued increase in memory function and thought organization, and a decrease in cognitive distortions" in May, 2012 (*see* Tr. 18, 703).

For the reasons stated, the Court concludes that the ALJ provided germane rationale for his rejection of Nurse Lagdan's opinion.

(2) **Whether not the ALJ gave legally sufficient reasons for the weight afforded to the medical opinion evidence**.

Plaintiff contends that the ALJ erred when rejecting partially the contradicted opinion of examining physician, Dr. Anna Borisovskaya, M.D.; and erred by relying on the opinions of non-examining medical consultants (*see* Opening Brief, ECF No. 17, pp. 9-15).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician or psychologist. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). But when a treating or examining physician's opinion is contradicted, that opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester, supra*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

Here, the ALJ gave some weight to the opinion of Dr. Borisovskaya (*see* Tr. 20-21). The ALJ credited her opinion regarding contact with the public, as noted previously, *see supra* section 1, finding that plaintiff could "have no interaction with the public" (*see* Tr. 16). However, the ALJ did not credit her opinion that plaintiff would have difficulty working during stressful situations or would have difficulty attending work regularly (*see* Tr. 20). The ALJ gave some aspects of Dr. Borisovskaya's opinion less weight based on a finding that she "relied upon the claimant's own self-report of agoraphobia" and because the ALJ found that plaintiff's statements "are not entirely credible" (*see* Tr. 20).

According to the Ninth Circuit, "[an] ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (*quoting Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (*citing Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989)). Here, it is clear from her review of the

relevant record that for the opinions discounted by the ALJ, Dr. Borisovskaya was relying on plaintiff's subjective self-reports (*see* Tr. 375-80).

Dr. Borisovskaya examined plaintiff on February 6, 2010 (*see id.*). She conducted a history of present illness, in which she asked plaintiff to describe the history of her mental impairments and problems (*see* Tr. 375-76); conducted a past psychiatric history, medical history and family social and employment history, in which she also relied on plaintiff's description (*see* Tr. 376-77); and conducted a mental status examination [MSE] (*see* Tr. 377-379).  When noting plaintiff's subjective description of her problems, Dr. Borisovskaya noted that plaintiff "describes persistent anxiety about everything all the time, about everyday things" (*see* Tr. 376). Dr. Borisovskaya also noted that plaintiff indicated that she "gets sick if she goes out alone," and "describes nausea, shaking, stomach pain, knee weakness, racing heart, dizziness. This happens especially if she starts a new job . . . ." (*see id.*).

After rendering her diagnoses, and indicating her prognosis, Dr. Borisovskaya provided her functional assessment and medical source statement, which included the following:

> The claimant is able to perform simple and repetitive tasks as well as detailed and complex tasks judging by the results of the mental status exam. This however is complicated by the fact that if she is at work and being scrutinized by supervisors and coworkers, her anxiety levels are likely to be much higher and she would perform much worse than she did today on exam. She would likely have difficulties with concentration and short-term memory during stressful situations at work. She is cooperative and would be able to accept instructions supervisors. She would have a hard time interacting with coworkers and the public given her social phobia and panic disorder. Because of her agoraphobia, she wouldn't be able to get to work on a regular basis. Getting through the

> workday, if she got to work, would be challenging, if she were in a competitive workplace surrounded by people. Overall she would not be able to handle stress and competitive workplace.

(Tr. 379-80).

It is clear from a review of the relevant record, that opposed to being based on the MSE results, which Dr. Borisovskaya opined demonstrated that plaintiff "is able to perform simple and repetitive tasks as well as detailed and complex tasks" (*see* Tr. 379), Dr. Borisovskaya's opinions regarding plaintiff's difficulty performing during stressful situations and difficulty leaving the house in order to get to work were based on plaintiff's subjective self-report of her symptoms and limitations (*see* Tr. 379-80).

This situation is distinguishable from one in which the doctor provides her own observations in support of her assessments and opinions. *See Ryan v.Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008) ("an ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations").

Here, Dr. Borisovskaya indicated that the MSE results supported higher functioning than she assessed (*see* Tr. 380). The clear and logical indication from the record is that Dr. Borisovskaya relied on plaintiff's subjective report for her opinion regarding plaintiff's limitations during stress.

Based on a review of the relevant record and for the reasons stated, the Court concludes that the ALJ provided specific and legitimate rationale based on substantial

evidence in the record as a whole for his failure to credit fully all of the opinions from Dr. Borisovskaya.

The Court finds no error in the ALJ's rejection in part of the opinion from Dr. Borisovskaya and finds no error in the ALJ's reliance on the opinions of non-examining medical sources, Dr. Harrison and Dr. Richardson. These opinions from non-examining medical sources are supported by substantial evidence in the record as a whole, including medical evidence of record from October 28, 2009 demonstrating plaintiff "as exhibiting [normal] behavior, affect, and mood" (*see* Tr. 84; *see also* Tr. 655).

> (3)  **Whether or not the ALJ gave legally sufficient reasons for finding plaintiff's allegations not fully credible**.

The ALJ's credibility determinations "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (*citing Bunnell v. Sullivan*, 947 F.2d 341, 343, 346-47 (9th Cir. 1991) (*en banc*)).  In evaluating a claimant's credibility, the ALJ cannot rely on general findings, but "'must specifically identify what testimony is credible and what evidence undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (*quoting Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999)); *Reddick, supra*, 157 F.3d at 722 (citations omitted); *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (citation omitted). The ALJ may consider "ordinary techniques of credibility evaluation," including the claimant's reputation for truthfulness and inconsistencies in testimony regarding symptoms, and may also consider a claimant's daily activities, and "unexplained or

inadequately explained failure to seek treatment or to follow a prescribed course of treatment." *Smolen, supra*, 80 F.3d at 1284 (citations omitted).

The ALJ relied on multiple reasons when failing to credit fully plaintiff's credibility and allegations. Even if not all of those reasons were proper, any reliance on improper rationale was harmless error.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The court noted multiple instances of the application of these principles. *Id.* (collecting cases). The court noted that "several of our cases have held that an ALJ's error was harmless where the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony, but also provided valid reasons that were supported by the record." *Id.* (citations omitted); *see also Ludwig v. Astrue*, 681 F.3d 1047, 1053 (9th Cir. 2012) (appellant had not "demonstrated that the decision would have been any different," as the contradictions between claimant's testimony at his administrative hearing and what he had said on other occasions "were dramatic"). The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Molina, supra*, 674 F.3d at 1115. The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008))

(other citations omitted). The court noted the necessity to follow the rule that courts must review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id.* at 1118 (*quoting Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28 U.S.C. § 2111) (codification of the harmless error rule)).

Here, in part, the ALJ relied on inconsistency between plaintiff's allegations and the record, as well as failure to comply with treatment, when failing to credit fully plaintiff's allegations and credibility. These findings are based on substantial evidence in the record as a whole.

**A.  Inconsistent Statements**

Here, the ALJ noted multiple inconsistencies regarding plaintiff's testimony (*see* Tr. 17). Plaintiff includes the following argument in her opening brief:

> The ALJ found that plaintiff testified that she could not take the bus, but that the record showed otherwise. (Tr. 20). The third-party statement reference by the ALJ from Ms. Trust indicated that she checked the box indicating that plaintiff used public transportation. (Tr. 223). The ALJ also relied on a January 2011 report from Dr. Borisovskaya that plaintiff could utilize public transportation. (Tr. 20). Dr. Borisovskaya's evaluation of plaintiff, however, was in February 2010, and makes no mention of using public transportation. Tr. 375-80.

(Opening Brief, ECF No. 17, pp. 19-20). Plaintiff argues that the ALJ's finding regarding plaintiff's use of public transportation is not based on a reasonable reading of the record (*see id.* at p. 20).

Defendant admits that "the ALJ incorrectly identified the wrong consultative examiner," but argues that although the ALJ "indicated that it was Dr. Borisovskaya who

saw [plaintiff] in 2011; in fact, it was Dr. Rasmussen. Such error does not detract from plaintiff's inconsistency: her testimony about the use of public transportation did not match up with what she told the consultative examiner" (*see* Response, ECF No. 18, p. 11, n.5). The Court agrees.

Here, it is clear that the ALJ found that plaintiff's testimony in her administrative hearing that she could not use public transportation due to her anxiety was inconsistent with indications otherwise in her medical record (*see* Tr. 20). The Court concludes that this is a finding based on substantial evidence in the record as a whole, as discussed below.

When the ALJ asked plaintiff at her administrative hearing whether or not she took public transportation, plaintiff replied as follows: "I tried the bus one time, but I ended up getting in a fight with somebody on the bus so I've never took it again. It's just too much - - too many people, too much going on" (*see* Tr. 37). However, plaintiff's friend, Ms. Monda Trust, in her lay opinion, when asked how plaintiff traveled when going out, indicated by checking boxes that plaintiff could ride in a car and could use public transportation (*see* Tr. 223). Similarly, when examining plaintiff in January, 2011, Dr. Christina H. Rasmussen, Ph.D., indicated that plaintiff "reported that she can shop for short periods of time and utilize public transportation" (*see* Tr. 520).

For the reasons stated and based on the record as a whole, the Court concludes that the ALJ's finding that plaintiff's testimony at her administrative hearing that she could not take public transportation and only took it once was inconsistent with her report to an examining doctor that she could take public transportation and was inconsistent with the

ORDER ON PLAINTIFF'S COMPLAINT - 13

lay opinion that plaintiff could use public transportation, is a finding based on substantial evidence in the record as a whole. This finding supports the ALJ's credibility determination.

Similarly, the ALJ noted that although plaintiff claimed that she was unable to leave her home and that she had difficulty with crowds, her medical record indicates that she often leaves her home to go the emergency room, but does not demonstrate any anxiety or mental symptoms when presenting there (*see* Tr. 17, 47). Although plaintiff complains that the fact that she sought emergency care does not demonstrate that she could interact with others on a regular and continuous basis, the ALJ did not rely on this ER evidence in order to support his RFC determination, but relies on it in order to support his finding of inconsistencies between plaintiff's allegations and testimony, and the medical record. Again, this finding is based on substantial evidence in the record as a whole.

The ALJ included the following discussion in his written decision:

> Despite the claimant's allegations that she can barely leave her home and has difficulty with crowds, the objective medical evidence shows that she has been a frequent visitor to the emergency room. . . . . for example, she went on November 25, 2009 after a motor vehicle accident (internal citation to Exhibit 1F/7). Despite having experienced a significant trauma, there was no note that the claimant was experiencing any anxiety (internal citation to Exhibit 1F/2-19). . . . . She also went to the emergency room on July 4, 2009 for pneumonia (internal citation to Exhibit 1F/59). She had no psychological symptoms noted (internal citation to Exhibit 1F/62, *i.e.*, Tr. 335-37). In fact, she reported no history of depression or anxiety (internal citation to Exhibit 1F/71, Tr. 344). At all of these 2009 visits, no psychological symptoms were noted (internal citation to Exhibit 1F/34, *see* Tr. 307-08; Exhibit 1F/49, *see* Tr. 322-23).

1
2
3
4
5
6
7
8
9
10
11
12

>Throughout 2010, the claimant again regularly visited the emergency room at St. Clair Hospital for transient and temporary problems. As with her visits in 2009, the claimant was generally not found to have psychological symptoms (internal citation to Exhibit 3F). For example, in May 2010, she was noted to have no depression or anxiety (internal citation to Exhibit 3F/22, *i.e.,* Tr. 402), and her mood and affect were normal (internal citation to Exhibit 3F/23 *i.e.,* Tr. 403). In 2011, the claimant, again, went to the emergency room multiple times (internal citation to Exhibit 13F). Again she was generally not noted to have depression or anxiety. For example, on December 11, 2011, her mood and affect were normal (internal citation to Exhibit 13F/21 *i.e.,* Tr. 728). On October 10, 2011, her mood and affect were normal (internal citation to Exhibit 13F/35, *i.e.*, Tr. 741-42), and she reported no history of depression or anxiety during her review of systems (internal citation to Exhibit 13F/34, *i.e.*, Tr. 741). On May 30, 2011, again, no report of depression or anxiety during her review of systems (internal citation to Exhibit 13F/46, *i.e.*, Tr. 753) and normal mood and affect (internal citation to Exhibit 13F/47, *i.e.*, Tr. 754). On March 25, 2011, she reported no depression or anxiety in her review of systems (internal citation to Exhibit 13F/70, *i.e.*, Tr. 777), and her mood and affect were normal (internal citation to Exhibit 13F/71, *i.e.*, Tr. 778).

13  (Tr. 17).

14  Based on a review of the relevant record, the Court concludes that the ALJ

15 provides an accurate characterization of plaintiff's emergency room visits (*see, e.g.*, Tr.

16 307-08, 322-23, 335-37, 402-03, 728, 741-42, 753-54, 777-78). The Court also concludes

17 that the ALJ's inference that if plaintiff was unable to work due to her difficulty being

18 around people, her presence in the emergency room around people would cause her

19 sufficient observable anxiety symptoms to be reported by some of her attending

20 physicians or nurses during her many presentations to the ER. The Court also notes

21 plaintiff's denial of any depression or anxiety history when at the ER (*see, e.g.*, Tr. 344).

22 Therefore, the Court concludes that the ALJ's finding that plaintiff's allegations that she

23 can barely leave her home and has difficulty with crowds is inconsistent with her frequent

24

presentation at the emergency room without any psychological symptoms noted by her care providers is a finding based on substantial evidence in the record as a whole.

Not only is this finding of inconsistencies by the ALJ specific, cogent, and based on substantial evidence: but also, it is a clear and convincing reason for any failure to credit fully plaintiff's allegations regarding the limitations from her impairments.

**B.  Failure to Comply with Treatment**

Here, the ALJ relied on plaintiff's failure to comply with prescribed treatment when failing to credit fully plaintiff's allegations and testimony, finding that such failure demonstrates "an apparent disinterest on the part of the claimant in improving her symptoms and functioning and impl[ies] that her impairments have not been as debilitating as she now claims" (*see* Tr. 19-20). Although plaintiff complains that the ALJ improperly relied on her failure to follow prescribed treatment, the Court does not agree.

According to Social Security Ruling, (hereinafter "SSR"), SSR 96-7, "the adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment." SSR 96-7, 1996 SSR LEXIS 4, at *22. Although plaintiff complains that the ALJ did not comply with this Social Security ruling, plaintiff has not provided any explanation to the Court for her failure to follow recommended treatment. In addition, plaintiff has not directed the Court to any information in the record that

ORDER ON PLAINTIFF'S COMPLAINT - 16

potentially "may explain infrequent or irregular medical visits or failure to seek medical treatment." *See id.*

The Court also notes defendant's argument as follows:

> [Plaintiff] told Dr. Rasmussen that she had a history of stopping her medications and taking them irregularly (internal citation to Tr. 521). This is troubling in light of her own subsequent statements that she was doing "OK" or even improving when on her medications (internal citation to Tr. 19, 643, 644, 646, 651). . . . . [Plaintiff] also had significant gaps in her treatment, with only one visit with Cascade Mental Health between October 2009 and August 2010 (internal citation to Tr. 608-09). [Plaintiff] offered no explanations to either the ALJ or to the Appeals Council for these gaps in treatment or failure to take her medication, despite appearing at her hearing and being represented by counsel throughout the administrative proceedings.

(ECF No. 18, pp. 12-13).

The Court finds defendant's argument to be persuasive. For this reason, the Court finds no error. In the absence of any legitimate basis in the record for plaintiff's failure to follow through with prescribed medication and recommended treatment, the Court finds that the ALJ's inference is logical and permissible. *See Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) (*citing Beane v. Richardson*, 457 F.2d 758 (9th Cir. 1972) (The ALJ may "draw inferences logically flowing from the evidence").

The Court concludes that the ALJ included multiple specific findings based on substantial evidence in the record for failing to credit fully plaintiff's credibility and allegations. *See Bunnell*, *supra*, 947 F.2d at 343, 346-47; *see also Greger*, *supra*, 464 F.3d at 972. Even if not all of the ALJ's reasoning with respect to plaintiff's credibility was proper, the Court concludes that any error is harmless and that the ALJ nevertheless

1 provided specific reasons for his determination that are supported by substantial evidence 2 in the record and are clear and convincing. *See Molina*, *supra*, 674 F.3d at 1115.

## CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

**JUDGMENT** should be for defendant and the case should be closed.

Dated this 1st day of July, 2014.

J. Richard Creatura
United States Magistrate Judge